David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
District of Connecticut

**TO BE FILED UNDER SEAL**

United States of America )
ex rel. Hana Yao )
)
)
)
Plaintiff, )
)
- against - )   Index No.:   24cv46
)
Trendly, Inc. a/k/a Rebag & )   **COMPLAINT**
Charles Gorra, )
)
Defendants. )
)

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1.   This is a False Claims Act claim.  The Relator, Hana Yao, alleges that the Defendant, her former employer, evaded customs duties over a number of years by fraudulently understating the values of imports in customs declarations.

**II.   Parties**

2.   Defendant Trendly, Inc. a/k/a Rebag ("Defendant" or "Rebag") is a Delaware Corporation with a principal place of business in the State of New York, County of New York.

3.   Defendant Charles Gorra ("Mr. Gorra") is a natural person who resides in New York. Mr. Gorra is the founder and CEO of Rebag.

4.      Hana Yao, the Relator in this matter, ("Ms. Yao" or "Plaintiff" or "Relator") is a former employee of Rebag.  She worked for Rebag for approximately 6 years until her separation from employment in 2023.

**III.    Jurisdiction and Venue**

5.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.

6.      In this case, Rebag maintained a retail store in Greenwich, Connecticut from 2021 until 2022 and therefore a portion of the merchandise at issue in this matter was transported to and offered for sale in the District of Connecticut.  Further,  Rebag continues to be authorized to transact business in Connecticut.

**IV.    The Fraudulent Scheme**

7.      By way of background, the Defendant's business consists of buying and selling luxury handbags.  Much of the Defendant's stock is purchased in the People's Republic of China ("PRC"), imported to the United States, and resold throughout the United States.

7.      As a result, the Defendant was required to pay duties the value of its imports.

8.      In connection with these imports, Rebag consistently understated the value resulting in significantly less customs duties than would otherwise have been paid and/or did not declare the items for customs at all.

9.       For example, on May 17, 2019, Rebag imported 9 shipments of handbags from the People's Republic of China, consisting of the following tracking numbers:

EA916896752CN

EA916896797CN

EA916897024CN

EA916896908CN

EA916896911CN

EA916881302CN

EA916897090CN

EA916897130CN

EA916896942CN

10.     The 7th shipment, EA916897090CN consisted of the following 4 handbags:

| Item | Color | Purchase Price |
| --- | --- | --- |
| used Fendi handbag | light blue | $1080 |
| used Givenchy handbag | black | $641 |
| used Gucci handbag | black, green, white | $1047 |
| used Prada handbag | blue, green | $312 |
| Total: | | $3080. |

11.     Rather than declare the value of this shipment at the correct amount -- $3080 -- Rebag either declared it at $2010 or did not report it at all.  Upon information and belief, this saved Rebag approximately $100-$300 in import duties.

12.     Most or all of the other shipments on May 17 were similarly undervalued:

| Shipment | Purchase Price | Declared Value |
| --- | --- | --- |
| EA916896797CN | $2,791 | $2,180 |
| EA916897024CN | $2,922 | $2,100 |
| EA916896908CN | $1,855 | $1,700 |
| EA916896911CN | $1,735 | $1,500 |

3

| | | |
|---|---|---|
| EA916881302CN | $5,110 | $2,200 |
| EA916897090CN | $3,080 | $2,010 |
| EA916897130CN | $2,600 | $1,600 |
| EA916896942CN | $2,680 | $1,850 |
| **Total:** | $22,773 | $15,140 |

13. Thus, on May 17, 2019, Rebag undervalued its imports by at least $7,500, saving approximately $750 in import duties. This assumes that Rebag reported these items at all. Upon information and belief, for most of its imports, Rebag treated these items as personal shipments and paid no import duties at all.

14. Rebag engaged in similar conduct on a daily basis for many years, at least until 2021.

15. Additionally, Rebag would have handbags shipped to specific individuals associated with Rebag without indicating on the shipping documents that the actual recipient was Rebag itself.

16. Upon information and belief, this was done so as to avoid scrutiny and detection of the scheme.

## V.   The False Records Involved in the Scheme

17. In connection with the import of goods, the importer's broker or agent must complete United States Customs and Border Protection Form 7501 for each transaction. In other words, the Form 7501 would have been completed on behalf of Rebag using information supplied by Rebag.

18. In Box 32 of the form, the importer provides the value of the goods.

19. Rebag's fraud consisted of providing fraudulently low values in Box 32 and/or failing to submit form 7501 at all.

4

**VII.   Defendant's Specific Violation of the False Claims Act**

20.   The False Claims Act imposes liability on a person or entity who knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government" 31 U.S.C. Section 3729(a)(1)(G).

21.   As set forth above, Rebag repeatedly engaged in behavior to avoid paying proper import duties.  Moreover, the behavior was so pervasive and consistent that it must have been done either knowingly or recklessly.

22.   Further, the above-described activities were so pervasive and consistent that Rebag's principal must have either been aware of them or reckless with respect to them.

**IX.   Relief Sought**

23.   On behalf of the United States, Relator seeks recovery of the avoided customs duties, duly tripled, plus statutory damages.  The total amount of duties avoided is unknown however Plaintiff estimates that Rebag imported at least approximately $1,000,000 worth of handbags per month and avoided at least approximately $100,000 per month in import duties.  Over 4 years, this is approximately $5,000,000.

24.   In addition, Relator seeks a relator's share, costs, fees, interest, and such other and further relief as the Court deems just.

**[continued on next page]**

25. Thus, the total sought in the event of a (default) judgment will not exceed $20 million.

*[signature]*

David Abrams
Attorney for Relator
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821
dnabrams@gmail.com

Dated: Delhi, New York
January 5, 2024

6